### TREFS v. FOLEY BROS., Inc., et al.
### No. 1478.

United States District Court
W. D. Missouri, W. D.
June 19, 1943.

160

Henry A. Riederer, Kansas City, Missouri, for plaintiff.

Michaels, Blackmar, Newkirk, Eager & Swanson, Kansas City, Missouri, for defendants.

OTIS, District Judge.

■ Notwithstanding the very able brief by which the motion is supported, my considered view is that the motion should be overruled. Two points are made by learned counsel. The point (the second of the two to be urged) that the complaint shows that plaintiff in reality was working for the United States (and, therefore, not subject to the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq.) depends upon such a broad expansion of the doctrine of judicial notice that I find myself unable to subscribe to it. The allegations of the complaint certainly do not show employment for the United States. They do show employment for private concerns. There is. some doubt even whether judicial notice will go so far as to support the conclusion that the private concerns in question were doing work for the United States. .

■■ The second point (the first to be stated), that the plaintiff is not shown by the complaint to be engaged in interstate commerce, or in the production of goods for interstate commerce, has seemed to me the stronger of the two points advanced. However, the broad expansion of meaning which has been given of late by authoritative tribunals, whose pronouncements are binding, as to what is commerce and production of goods for commerce, leads me to believe that the complaint is good as against a motion to dismiss. To allege that one is engaged in the production of goods for commerce after alleging that his work was that of a bookkeeper, auditor and accountant in connection with repairing and remodeling a factory which certainly was engaged in the production of goods for commerce (judicial notice may be taken of that), is something more than an allegation of a mere conclusion. The rules of civil procedure (which justify a complaint alleging that John Doe negligently injured Richard Roe) are sufficiently complied with by the language used by plaintiff in this complaint as against a motion to dismiss.

The motion to dismiss is overruled. The defendants are given ten days in which to answer. So ordered.

### Findings of Fact, Conclusions of Law, Judgment and Decree.

The Court: I shall not hear from the defendants, at this stage, at least.

I make the following findings of fact:

1. Plaintiff was employed by the defendants at the salaries or wages and for the periods set out in the agreed statement of facts introduced in evidence by the plaintiff as a stipulation of facts. He worked during the hours indicated in that stipulation of facts and was compensated at the rates described in the stipulation of facts.

2. Plaintiff was employed by the defendants in their accounting department in a clerical capacity until on or about August 12, 1942, thereafter in a supervisory or administrative capacity in the same department.

3. At no time during the period of his employment involved in this case did the plaintiff, himself, as an individual, directly engage in interstate commerce or in the production of goods for interstate commerce. His only connection, if any, in interstate commerce or in the production of goods for interstate commerce was the connection of his employers, the defendants, in interstate commerce and the production of goods for interstate commerce, if they were engaged in interstate commerce or in the production of goods for interstate commerce.

4. The business of the defendants in whose accounting department plaintiff was employed, primarily was the construction of buildings under a contract entered into between the defendants and the United States, in the extension of buildings already constructed, their enlargement, in the construction of buildings which were to be used and in the enlargement of buildings which were to be used by the Remington Arms Company for the manufacture therein of small arms ammunition for the United States Government. The Remington Arms Company did manufacture ammunition for the United States Government, the title of which was immediately vested in the United States Government when the ammunition had been manufactured. The ammunition which was manufactured by the Remington Arms Company was shipped from the site of this plant to points outside of the State of Missouri. There is no showing in the evidence by whom the ammunition was shipped, whether by the Remington Arms Company or by the United States.

5. To a very small extent, if any at all, to such a small extent as to constitute a trifling part of the total work, the defendants did certain repair work upon buildings which it had theretofore constructed or extended, certain repair work to promote the better use of the property by the Remington Arms Company in the manufacture of ammunition.

Such are the findings of fact which are made by the court.

I announce these conclusions of law:

1. I conclude as a matter of law that the plaintiff was not engaged in interstate commerce or in the production of goods for interstate commerce.

2. I conclude as a matter of law that the defendants, plaintiff's employers, were not within the meaning of the term as used in the Fair Labor Standards Act, engaged in interstate commerce or in the production of goods for interstate commerce.

Such are the conclusions of law. Having stated those conclusions of law I add this by way of an oral opinion:

I would be inclined to agree with plaintiff's learned counsel, that if any considerable part, certainly the larger part, of the work of the defendants had been the repair of factories which were at the time in the production of goods which were to be shipped by the operator of that factory or those factories in interstate commerce, very probably plaintiff would be held to be engaged in interstate commerce. But I am certain that no court which ever has passed upon the subject or which will ever pass upon the subject will hold that where so small a part of the work of the employers, a part so small that it cannot be specified as of that character, I say I think that no court ever would hold that any employer or any one helping in such work is engaged in interstate commerce.

I do not believe, moreover, that this case is like the case which plaintiff's counsel has referred to, involving the shipment of gold. That case held the mere fact that goods transported in interstate commerce could not be transported for competitive purposes did not indicate that they were not shipped in interstate commerce within the meaning of this Act. I think this case is different. These goods, as far as the evidence in this case is concerned, were not shipped in interstate commerce either by the Defendants or by the Remington Arms Company. The stipulation does not say so. Probably they were shipped by the United States. I doubt if the Supreme Court of the United States ever will say that the production of goods for the use of the United States, even although they are transported by the United States from one state to another, is a production of goods for interstate commerce. I doubt that very much but it is not necessary to pass upon that question in this case.

It is not necessary in this case to pass upon the question as to what part, if any of the plaintiff's employment is within the Act, upon the theory that during part of the time he was engaged in a managerial administrative capacity. It is not necessary to pass upon it because I have held he does not come within the Act for any purpose or as to any portion of his employment.

### Judgment.

This case coming on to be heard on the pleadings, the evidence introduced by the parties and the arguments of counsel, the court being fully advised in the premises and having findings of fact and conclusions of law (to which conclusions of law exceptions are allowed to the Plaintiff).

It is by the Court, Ordered, Adjudged and Decreed that the plaintiff have and recover nothing from the defendants and that the costs be assessed against the plaintiff.